UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL ALLEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-47-JD-SJF |
| WEXFORD OF INDIANA, LLC, et al., | |
| Defendants. | |

OPINION AND ORDER

Daniel Allen, a prisoner without a lawyer, is proceeding in this case on three claims. As relevant here, he is proceeding against Caseworker Steven Price and Caseworker Ryan Carter "in their individual capacities for compensatory and punitive damages for deliberate indifference to his safety in May 2021, resulting in attacks by other inmates on May 28, 2021, in violation of the Eighth Amendment[.]" ECF 36 at 2.[1] Caseworker Price and Caseworker Carter (the "state defendants") filed a motion for summary judgment, arguing Allen did not exhaust his administrative remedies before filing this lawsuit. ECF 49. Allen filed a response, and the state defendants filed a reply. The state defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

---

[1] On his other two claims, Allen is proceeding against various medical defendants and Wexford of Indiana, LLC. These defendants have not moved for summary judgment.

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are

"available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The state defendants argue Allen didn't exhaust his available administrative remedies because he never submitted any relevant grievance or Request for Protective Custody related to their alleged failure to protect him in May 2021. ECF 50 at 5-6. Specifically, the state defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), who attests Allen never completed the first step of the Offender Grievance Process by submitting a formal grievance related to the state defendants' failure to protect him in May 2021. ECF 49-1 at 6. They also provide an affidavit from the Supervisor of Classification at New Castle Correctional Facility,[2] who attests that Allen never completed the first step of the classification process by submitting a Request for Protective Custody at MCF in May 2021. ECF 49-4 at 2. The state defendants argue that, because Allen didn't exhaust his remedies under either the

---

[2] Allen is currently housed at New Castle Correctional Facility, but was housed at MCF in May 2021 when the events in his complaint occurred.

3

Offender Grievance Process or the classification process, the undisputed facts show he had available administrative remedies he didn't exhaust before filing this lawsuit. ECF 50 at 5-6.

In his response, Allen concedes he never fully exhausted any relevant formal grievance or Request for Protective Custody related to the state defendants' failure to protect him in May 2021. ECF 59. The court therefore accepts that as undisputed. Instead, Allen argues his administrative remedies were unavailable because he attempted to submit a formal grievance and Request for Protective Custody but was unable to obtain the necessary forms.

Specifically, Allen attests and provides evidence showing the following facts: In May 2021, Allen told Caseworker Price he wanted to submit a Request for Protective Custody but Caseworker Price refused to provide him the form and told him MCF did not have a protective custody unit. ECF 58-1 at 2. Allen then requested a grievance form from Caseworker Price to complain about his refusal to provide him a Request for Protective Custody form, but Caseworker Price refused to provide him a grievance form and threatened to move him into a cell with a dangerous cellmate if he filed a grievance. *Id.* Allen also requested a grievance form and Request for Protective Custody form from Caseworker Carter, but was again denied the forms. *Id.* On May 28, 2021, Allen was assaulted and stabbed by his cellmate and other inmates. *Id.* at 3. On June 14, 2021, Allen was able to submit a formal grievance to the grievance office related to the state defendants' failure to protect him, but never received any receipt or response from the grievance office. *Id.* On June 26, 2021, Allen sent a Request for Interview form to the

4

Grievance Specialist notifying him he hadn't received any receipt or response for his June 14 grievance and requesting a grievance appeal form. *Id.* at 3, 4. There's no evidence the grievance office issued any response to Allen's June 26 Request for Interview form. *Id.* Allen also stated in his Request for Interview form that he was submitting a "new" grievance, which was received by the grievance office and registered as Grievance No. 130096. *Id.* at 4; ECF 62 at 4.[3] Because the state defendants do not dispute this evidence, the court accepts it as undisputed.

Here, the undisputed evidence shows Allen's administrative remedies were unavailable for two reasons. First, his administrative remedies were unavailable because it's undisputed he was denied access to a grievance form and a Request for Protective Custody form by the state defendants in May 2021. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (an inmate's administrative remedies become unavailable "when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance."). Second, his administrative remedies were unavailable because it's undisputed that once he was able to submit a grievance on June 14, 2021, he received no response from the Grievance Specialist despite notifying the Grievance Specialist of the lack of response. *See* ECF 49-2 at 9 (if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting

---

[3] According to the state defendants, Grievance 130096 was concerned solely with the medical treatment Allen received from medical staff following the May 28 assault and did not complain about the state defendants' failure to protect him. ECF 62 at 4-5. It doesn't appear the record contains a copy of Grievance 130096.

5

it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of that notice) and the Offender Grievance Specialist *shall investigate the matter and respond to the offender's notification within ten (10) business days*") (emphasis added). Because the Grievance Specialist never responded to Allen's June 14 grievance or June 26 Request for Interview form, this left Allen without any further available remedy to exhaust.

In their reply, the state defendants raise several meritless arguments that must be addressed. First, the state defendants argue that Allen's failure to file a Request for Protective Custody form is not excused by the fact that MCF doesn't have a protective custody unit. ECF 62 at 2-3. But Allen doesn't argue he was excused from submitting a Request for Protective Custody because MCF didn't have a protective custody unit. Rather, he attests he was prevented from submitting a Request for Protective Custody form because he requested the form from the state defendants and they refused to provide him the form. The state defendants do not dispute this attestation, which shows they hindered Allen's ability to exhaust his remedies. Second, the state defendants argue that the fact Allen was able to submit a grievance on June 14 shows he had access to "the various forms that IDOC requires." *Id.* at 3. But the fact Allen was able to obtain a grievance form in June 2021 does not refute his evidence he was denied access to a grievance form and Request for Protective Custody form in May 2021. Third, the state defendants argue that Grievance 130096 (the new grievance Allen submitted with his June 26 Request for Interview form) complained only of a denial of medical treatment and did not put the prison on notice of his allegation the state defendants failed to

6

protect him. *Id.* at 4-5. But whether Grievance 130096 put the prison on notice of Allen's claim against the state defendants is not relevant, as Allen provides undisputed evidence he submitted an earlier grievance on June 14 which did put the prison on notice of his claim against the state defendants, and the grievance office never responded to this grievance or his subsequent written notice.[4] Lastly, the state defendants argue Allen's request for an appeal form in his June 26 Request for Interview was premature because he submitted it only twelve days after he submitted his June 14 grievance. *Id.* at 5-6. This argument fails for numerous reasons. Most notably, while the Offender Grievance Process places time limits on when an inmate may *file* an appeal form, it places no time limit on when an inmate may *request* an appeal form. *See* ECF 49-2 at 12-13. Regardless, the state defendants misread the relevant portions of the Offender Grievance Process. Because the grievance office never issued any receipt or response to Allen's June 14 grievance, he never had any available remedy to appeal this grievance. *See* ECF 49-2 at 12 ("if the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied") (emphasis added).

Accordingly, the undisputed facts show Allen's administrative remedies were made unavailable because (1) the state defendants failed to provide him with a grievance form and Request for Protective Custody form in May 2021, and (2) the

---

[4] The state defendants suggest Grievance 130096 was a "new copy" of Allen's June 14 grievance, but there's no evidence supporting this assertion. ECF 62 at 5.

Grievance Specialist failed to respond to his June 14 grievance and June 26 Request for Interview form. Because the undisputed facts show Allen's administrative remedies were unavailable, the state defendants have not met their burden to show Allen had available administrative remedies he did not exhaust before filing this lawsuit. The state defendants' motion for summary judgment (ECF 49) is therefore DENIED.

    SO ORDERED on January 27, 2025

    /s/JON E. DEGUILIO
    JUDGE
    UNITED STATES DISTRICT COURT